**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CONJURED UP ENTERTAINMENT, et al.,

    Plaintiffs,

v.

NOEL L. HILLMAN, et al.,

    Defendants.

Civil Action No.: 12-1894 (MAS) (DEA)

**OPINION**

---

**SHIPP, District Judge**

This matter comes before the Court on Anthony Bussie's[1] ("Plaintiff") "Motion to Dismiss" (Docket Entry Number ("D.E.") 6) and "Motion for Summary Judgment, Trial and New Trial" (D.E. 9) and Defendants' Motion to Dismiss (D.E. 7). For the reasons set forth below, the Court denies Plaintiff's motions and grants Defendants' motion.

**I.   BACKGROUND**

On July 26, 2011, the Honorable Noel L. Hillman, U.S.D.J. ("Judge Hillman"), issued an Order that provided:

> [A]bsent Order from this Court, the Clerk of the United States District Court for the District of New Jersey shall accept no additional complaints from Anthony Bussie or Conjured Up Entertainment pertaining to (1) his alleged entitlement to monetary damages arising out of an intelligence and war contract with the United States Government or (2) alleged misconduct by government officials pertaining to the enforcement of his alleged intelligence and war contract with the United States government.

---

[1] "Conjured Up Entertainment" is listed as a Plaintiff. However, it is not represented by counsel. As such, the Court addresses the pending applications solely as to Anthony Bussie.

(ECF No. 11-2824, D.E. 9.) In his order, Judge Hillman noted that: (1) Plaintiff filed approximately ten separate complaints in this District since 2009; (2) each of Plaintiff's complaints was dismissed as frivolous, lacking jurisdiction or failing to state a claim; and (3) Plaintiff failed to provide any rationale or convincing reasons why the Court should not enjoin Plaintiff from filing, without prior Court approval, any additional complaints as described in the above order. *Id.*

The current matter arises from forty-four (44) complaints filed by Plaintiff in the Superior Court of New Jersey. On March 27, 2012, before any of the Defendants were served with the summons and complaint, Defendants removed the consolidated action to this Court. On April 16, 2012, Plaintiff filed a "Motion to Dismiss" the federal action. Although titled "Motion to Dismiss," Plaintiff's motion appears to request that the Court remand the case to the Superior Court of New Jersey. As such, the Court will treat Plaintiff's motion as a Motion to Remand. Plaintiff also filed a "Motion for Summary Judgment, Trial and New Trial." Defendants filed a Motion to Dismiss.

## II.   LEGAL STANDARD & ANALYSIS

### A.   Plaintiff's Motion to Dismiss/Remand

In support of his Motion, Plaintiff asserts that federal courts have unfairly barred him from filing complaints. In effect, Plaintiff argues that Defendants should not be permitted to remove his complaints to a forum in which he could not file the complaints in the first instance. Defendants, on the other hand, assert that the removal analysis does not change simply because Plaintiff is prohibited from filing complaints in the district court without prior judicial approval.

Defendants allege jurisdiction pursuant to 28 U.S.C. § 1442(a). The relevant statute provides as follows:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a). Here, the Defendants are clearly officers of the United States and Defendants exercised their statutory right to removal. As such, Plaintiff's Motion to Remand is denied.

**B.     Defendants' Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* Rather, the court must disregard any conclusory allegations proffered in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-

11 (3d Cir. 2009). The court is also free to ignore factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Once a court has identified the well-pleaded facts and ignored the conclusory allegations, it must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The Court has reviewed and considered all 44 of Plaintiff's complaints. The vast majority of Plaintiff's complaints concern his dissatisfaction with Judge Hillman's decisions, particularly the order prohibiting future filings absent court order. A number of Plaintiff's complaints also reflect his dissatisfaction with Chief Judge Theodore McKee of the Third Circuit for the alleged failure to find judicial misconduct on the part of Judge Hillman. Defendants assert that Plaintiff's complaints fail to state a claim upon which relief can be granted, even under the liberal Rule 12(b)(6) standard of review. (Defs.' Moving Br. 12.) According to Defendants, "the complaints present an incoherent stream of consciousness, conveying the Plaintiff's disagreement with the defendants' official actions." *Id.* The Court agrees with Defendants.

The Court has reviewed each of Plaintiff's numerous complaints and finds that none of the complaints plead facts sufficient to satisfy Federal Rule of Civil Procedure 8(a)'s liberal pleading standards. A sampling of the factual grounds for several of Plaintiff's complaints is instructive.[2]

| Docket Number | Factual Basis of Complaint (*verbatim*) *(The instructions of the Civil Action Complaint provide, "Summarize what happened that resulted in your claim against the defendant. Use additional pages as necessary.)* |
|---|---|
| L-4180-11 | Cause of Action – discrimination on War Contracting, Failures in equal protection and other civil liberties. Mr. Bussie is in pursuit of a settlement in good faith and fair dealing in exchange got bad faith litigation from Noel L. Hillman. No hearings to bear truth from the buyers in a taking claim to a bleach of goods. A prayer of relief for a Constitution ruling and business court service. |
| L-4184-11 | Mr. Bussie submitted a Congress investigation/Haddon Hiegths Police report in Mr. Bussie complaint. Wanting various approvals, various hearings and other will not get done by District Congress since Bill Clinton/George W. Bush Jr./Barack Obama. Hillman want approvals from Congressional court. Congress appears not to do work for thier President/Mr. Bussie War Contracting for unjust enrichments. |
| L-4200-11 | Mr. Bussie file a claim in the District Court without any prior approvals. President & US government does show cause of information. Presidents declare Wars without any approvals. The State of the Union displays invention, innovation, war spending and President needs. NASA project are constitutional because of the State of the Union. Mr. Bussie is defiantly a War Tool and a Hearing issue. Hillman falls a sleep too much. |
| L-5475-11 | Hillman good assumption never occurred in patent fairness 28 USC sec 1498 for an in tangent with the authority (Clinton/Bush Jr./Obama). Hillman didn't like any patent fairness for small business foul play (eg. JFK perfect murder). JFK perfect murder theory in 1963 didn't affect Hillman fair judgements w/Civil Rights Act (1964), Indian Land Act (1968), (28 USC sec 1498 (1964) and improving law canon. |
| L-5480-11 | According to Chief Judge Theodore McKee of the Judicial Council of the Third Circuit name Bussie complaint frivolous or lack sufficient evidence to raise an inference of misconduct. Judge Hillman never credit Bussie invention or business to have a misconduct proceeding. Bussie has an invention not land property to check County records. Chief McKee is right at Hillman not cognized to jepordized Canons. |

---

[2] All of the Complaints are similar. Some even appear to be duplicates filed under different docket numbers.

| Docket Number | Factual Basis of Complaint (*verbatim*) |
|---|---|
| | *(The instructions of the Civil Action Complaint provide, "Summarize what happened that resulted in your claim against the defendant. Use additional pages as necessary.)* |
| L-5481-11 | In wake of 9/11 President Bush Jr. fastly signed Patriot Act/Safety Act because of an unfair attack. In the wake of JFK President Johnson fastly signed Civil Rights Act because of unfair private sector. According to Chief Judge Theodore McKee Opinion Hillman much needed appearance of Clinton/Bush Jr./Obama for clear understandings of a true human rights newly intanget claim. |

The complaints do not contain well-pleaded facts from which the Court could find that Plaintiff has a plausible claim for relief. Rather, the complaints largely contain factually unsupported allegations. After careful consideration, the Court GRANTS Defendants' motion to dismiss for failure to state a claim.[3]

### C. Plaintiff's Motion for Summary Judgment, Trial and New Trial

In Plaintiff's "Motion for Summary Judgment, Trial and New Trial," Plaintiff asserts that he has a right to relief against the Defendants and further opposes Defendants' motion to dismiss. Plaintiff's motion, however, revisits the psychic intelligence/war contracting issues. In the "Preface" section of his motion, Plaintiff states, in part (verbatim):

> Psychic intelligence with no remedies for any court. A conflict of interest raised bad faith dealings in a collective bargaining by the courts and congress, in a business deal policy 48 C.F.R. – Federal Acquisition Regulation. The Federal Tort Claim is true on monetary damages out of a money entitlement and impaired contract.

(D.E. 9-1 ("Pl.'s S.J. Br.") v.) In his Statement of Facts, Plaintiff asserts (verbatim), "This civil claim has now has causes of action on the contrary of being a prisoner pertaining to alleging

---

[3] While the Court is dismissing Plaintiff's complaints pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants also raised other valid defenses. As Plaintiff failed to plead that the judicial defendants took judicial action in the complete absence of subject matter jurisdiction, the federal judicial defendants are immune. See *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). In addition, the presidential defendants are immune from Plaintiff's claims. The Court need not even reach Defendants' other asserted independent grounds for dismissal.

entitlement to monetary in war contracting and misconduct." (*Id.* at 1.) In addition, Plaintiff asserts, "The federal government impaired a government contract restraining trade and commerce in the State of New Jersey especially failures to not state a claim." (*Id.* at 3.) Plaintiff also expresses his displeasure with the Honorable Freda W. Wolfson, U.S.D.J., the judge previously assigned to this matter, and Allen Urgent, the Assistant U.S. Attorney representing Defendants in the civil matter.

Even when his pleadings are afforded a liberal construction, the arguments raised by Plaintiff in his motion, whether construed as an independent motion or as opposition to Defendants' motion to dismiss, are not persuasive and have no legal merit. Therefore, the Court denies Plaintiff's motion.

### III.   CONCLUSION

Based on the foregoing, and for other good cause shown, Defendants' motion to dismiss is granted. Plaintiff's motions are denied. An appropriate form of order will be entered consistent with this opinion.

_____s/ Michael A. Shipp_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: January 28, 2013